FERNANDO SIERRA BERDECÍA, COMISIONADO DEL TRABAJO, ETC., demandante y apelante, *v.* JOSÉ WILFREDO CINTRÓN y ARTURO PICÓ, JR., demandados y apelados.

Núm. 10422.—*Sometido:* Junio 1, 1951.   *Resuelto:* Junio 13, 1951.

*Joaquín Gallart Mendía* y *Pedro Santana,* abogados del Departamento del Trabajo y a su vez del apelante; *Córdova & González* y *Alberto Picó,* abogados del apelado Sr. Picó.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En representación y para beneficio de ciertos obreros, el Comisionado del Trabajo de Puerto Rico instó demanda ante el Tribunal de Distrito de San Juan en que alegó sustancialmente que el demandado Arturo Picó, Jr., era dueño de un edificio de acero situado en Río Piedras y que el otro demandado fué el contratista que para dicha construcción utilizó aquél; que los empleados en cuya representación y beneficio formula su demanda trabajaron para dichos demandados en la construcción antes mencionada, según se expresa en seguida:

(*a*) Carmelo Martínez, en calidad de "aparejador" y

maestro de obra, 61¾ horas regulares a razón de $1.10 por hora, entre el 7 y el 15 de octubre de 1948;

(*b*) Leoncio Montañez, en calidad de "aparejador", 56 horas a razón de 82 centavos por hora, entre el 7 y el 14 de octubre de 1948, de las cuales 44 son regulares y 12 extras;

(*c*) Luis Torres, en calidad de "aparejador", 113¾ horas entre el 30 de septiembre y el 15 de octubre de 1948, a razón de 60 centavos por hora regular, siendo 105 horas regulares y 5¾ horas extras; y

(*d*) Santos Rivera, en calidad de "aparejador" y a razón de 60 centavos por hora regular trabajó 106¾ horas entre el 1 y 15 de octubre de 1948, siendo 98¾ horas regulares y 8 horas extras.

Que los demandados se han negado y se niegan a pagar a dichos obreros las sumas de dinero que a cada uno de ellos adeudan; y que en adición a los $277.41 adeudados por los demandados a dichos obreros, se reclama de aquéllos una suma igual por concepto de penalidad.

Librada por el tribunal la citación correspondiente y notificados de la misma los demandados, sólo compareció Picó, Jr.(¹) Alegó en su contestación, entre otras defensas especiales, que la demanda no aduce hechos constitutivos de una buena causa de acción en su contra y que la misma ha prescrito. Posteriormente el tribunal inferior dictó sentencia declarando con lugar la defensa de prescripción. De esa sentencia apeló el demandante. Sostiene en su alegato que el tribunal inferior erró "al resolver que la causa de acción en este caso no procedía contra el demandado Arturo Picó, hijo, por haberse radicado la demanda más de un año después de realizado el trabajo cuya compensación se reclama por los obreros envueltos en el mismo."

▮▮ Al discutir ese error el apelante sostiene que habiéndose establecido en este caso una acción personal en co-

---

(¹) El codemandado José Wilfredo Cintrón no compareció en autos y en 20 de abril de 1950 se dictó sentencia en su contra a instancias del demandante.

bro de salario al amparo del Decreto Mandatorio núm. 11, [2] el derecho de los obreros a reclamar los salarios devengados no prescribe hasta tres años después de haberse dejado de prestar los respectivos servicios, citando el artículo 1867 del Código Civil, edición de 1930, y el caso de *Muñoz v. Corte*, 63 D.P.R. 236; conviene en que de haberse establecido en el caso de autos una reclamación de salarios para ejecutar el gravamen que estableció la ley sobre la obra de que era dueño Arturo Picó, hijo, dicha acción estaría prescrita por los fundamentos que el demandado señala en sus defensas especiales; admite que no trata en este caso de ejecutar el gravamen legal que se constituye sobre la obra construída cuando el obrero o empleado ha dejado de percibir el importe de sus salarios, y que por el contrario la establecida es una acción personal en cobro de salarios que en forma alguna se orienta a ejecutar gravamen de clase alguna sobre el edificio que construyeron los obreros para el codemandado Picó, hijo; y finalmente manifiesta que son dos los medios que tiene un obrero de construcción para cobrar a su patrono el salario devengado; (1) el de la ejecución del gravamen que establece la Ley 73 de 4 de mayo de 1931, el cual viene obligado a utilizar dentro del año de haber concluído el trabajo cuyo pago se reclama; y (2) el de la acción personal en reclamación de salarios, que puede ejercitar dentro de los tres años de haber prestado los servicios a su patrono.

La Ley 73 de 1931 (pág. 459) provee que el importe total de los salarios que devengare un obrero o empleado que trabaje en la construcción, ampliación, conservación o reparación de cualquier obra, casa o edificio constituirá un gravamen sobre dicha propiedad y que el mismo gozará de preferencia en cuanto a su pago sobre todas las demás deudas del propietario, con las excepciones establecidas por ley. Dis-

[2] El Decreto Mandatorio núm. 11, aprobado el 31 de mayo de 1946 y enmendado el 2 de octubre siguiente fija salarios mínimos, períodos máximos de labor y condiciones de trabajo para los empleados de la industria de la construcción.

pone también en su sección 4, según fué enmendada por la Ley 2 de 28 de febrero de 1942 (pág. 283) que *"Ninguna acción o reclamación podrá establecerse contra el propietario o cesionario de la obra, un (1) año después de haber concluído el trabajo cuyo pago se reclama"*.

Por otra parte, la Ley 379 de 15 de'mayo de 1948 (pág. 1255) Para Establecer la Jornada de Trabajo en Puerto Rico, etc., en su artículo 10, luego de proveer que en las obras de construcción, reconstrucción, reparación o mejora de propiedad el empleado tendrá derecho a compensación adicional a base de tipo doble de salario por las horas extras de trabajo, así como que en tales casos el propietario o la persona para quien se haga la obra o realice el trabajo será solidariamente responsable con el contratista, subcontratista, ajustador, maestro de obra, agente o representante del patrono del pago de los salarios devengados en horas regulares y horas extras de trabajo, dispone que *"ninguna acción o reclamación podrá establecerse contra el propietario o cesionario de la obra un año después de haber concluído el trabajo cuyo pago se reclama"*.

De los preceptos de ley antes enunciados se desprende claramente que ora se trate de una demanda en que el obrero exija el cumplimiento del gravamen mencionado en la Ley 73, supra, o de la reclamación personal a que alude la Ley 379 de 1948, la reclamación contra el propietario deberá ser hecha dentro del año de haberse concluído el trabajo cuyo pago se reclama. (³)

Como de la demanda se desprende que la labor rendida por los obreros en ella mencionados lo fué allá para los meses de séptiembre y octubre de 1948, y la misma no fué radicada en el tribunal inferior hasta el 7 de febrero de 1950, el año a que se hace referencia en las citadas leyes ya había ex-

(³) El artículo 1867 del Código Civil, edición de 1930, y el caso de *Muñoz* v. *Corte*, supra, citados por el apelante, no son de aplicación, toda vez que en el caso de autos tenemos disposiciones especiales que de manera específica otra cosa determinan.

pirado. En su consecuencia, el tribunal inferior actuó acertadamente al declarar con lugar la defensa de prescripción del demandado Picó, Jr.

*Debe confirmarse la sentencia apelada.*