FRANK ZORRILLA, ETC., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, HON. ANTONIO J. MATTA, JUEZ, demandado; METROPOLITAN BUILDERS CORP., interventora.

*Número:* C-64-57      *Resuelto:* 15 de octubre de 1964

*Manuel Janer Mendía,* y *Ramón R. Lugo Beauchamp,* abogados del peticionario; *Antonio José Amadeo, José A. Suro,* y *Miguel J. Ríos Lugo,* abogados de la interventora.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 9 de julio de 1963 el Secretario del Trabajo, en representación y para beneficio de nueve obreros, radicó querella en la Sala de Ponce del Tribunal Superior reclamando a la Metropolitan Builders Corp. la cantidad total de $1,570.28 más una cantidad igual por penalidad, por concepto de diferencias en salarios mínimos dejados de pagar de acuerdo con los Decretos Mandatorios Núms. 11 y 44 de la Junta de Salario Mínimo de Puerto Rico referentes a la industria de la construcción. Alegó que la interventora Metropolitan Builders contrató y utilizó los servicios de esos obreros en la industria de la construcción mientras ella construía el Hotel Ponce Intercontinental. La interventora negó adeudar cantidad alguna y levantó como defensa especial que la acción estaba prescrita. El caso fue a vista y antes de comenzar la misma las partes estipularon ofrecer prueba en cuanto a la defensa especial de prescripción reservándose el derecho de ofrecer prueba en los méritos de no prosperar dicha defensa.

A los efectos de la prescripción alegada, las partes estipularon lo siguiente: (1) Que los querellantes son obreros de la industria de la construcción y como tales trabajaron para la querellada en la construcción del Hotel Ponce Intercontinental; (2) Que los obreros reclamantes cesaron en sus trabajos en las fechas que se indican: José Martínez Rangel el 7 de diciembre de 1959; Antonio Rodríguez el 15 de enero de 1960; Santos Medina el 1ro. de enero de 1960; Melchor Serrano, Vidal Pabón y Miguel Morales cesaron el 1ro. de febrero de 1960; Pedro Montalvo el 28 de febrero de 1960; René Almodóvar en 6 de mayo de 1962 y Pedro Rivera Branch en junio 1ro. de 1960. Estipularon además las par-

tes que en 4 de diciembre de 1962 la Administradora del Área 4 del Departamento del Trabajo escribió a la querellada reclamándole la suma de $1,682.07 alegadamente adeudada por la querellada a los querellantes.

La Sala de Ponce del Tribunal Superior decretó que la acción estaba prescrita. Sostuvo que la industria de la construcción no está incluida en la Sec. 6 de la Ley Núm. 96 de 1956, Ley de Salario Mínimo. Que en actividades de construcción de obras el término prescriptivo para reclamar es el de un año y que la carta de 4 de diciembre de 1962 se envió cuando ya estaba, por lo tanto, prescrita la reclamación.

La Ley Núm 96 de 26 de junio de 1956 expresa en su título: "Para fijar ciertos salarios mínimos; establecer la Junta de Salario Mínimo de Puerto Rico, . . . establecer el término de prescripción para acciones en reclamación de salarios y derogar" etc. . . . Su Sec. 32 dispone, bajo el acápite "Término de prescripción"; (a) Que por el transcurso de tres años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de esta Ley, de los Decretos Mandatorios *ya aprobados* o que se aprueben de acuerdo con sus disposiciones, de las órdenes promulgadas por la Junta, *o al amparo de cualquier contrato o ley*. El tiempo se contará para la prescripción desde que el empleado cesó en su empleo con el patrono. [1] Dispone la propia Sec. 32 en su apartado (d), que en relación con el término prescriptivo ahí provisto, un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo. [2]

No obstante la derogación que hizo de la Ley de Salario Mínimo de 1941, esta Ley de Salario Mínimo de 1956 en su

---

[1] Distinto al Art. 1867 del Código Civil que dispone que el tiempo se contará "desde que dejaron de prestarse los respectivos servicios."

[2] Con esta última disposición el Legislador sentó una norma firme a ser seguida apartándose de la situación casuística y fluida de la jurisprudencia sentada. Véanse: *Sierra* v. *Mario Mercado e Hijos*, 81 D.P.R. 314 (1959) y casos recopilados en la página 325.

Sec. 40 dejó convalidados y ratificados y en pleno vigor y efectividad, en todos sus términos, todos los decretos, órdenes, reglas y reglamentos promulgados al amparo de la Ley de 1941 derogada. Dejó subsistentes las disposiciones contenidas en los Decretos Mandatorios que estuvieren vigentes a la aprobación de dicha Ley, excepto aquellas relativas a salario mínimo, entre ellos el Decreto Mandatorio Núm. 11 referente a la industria de la construcción, y se decretó que nada en esa Ley tendría el efecto de rebajar cualquier tipo de salario mínimo fijado por un decreto mandatorio vigente o aprobado a la fecha en que la Ley entró en vigor.

La Sala sentenciadora no aplicó el término prescriptivo de 3 años de la Sec. 32 de la Ley Núm. 96, aduciendo que la industria de la construcción no está incluida en la Sec. 6 de dicha Ley. La Sec. 6 enumera las industrias a las cuales el mismo Legislador les fijó un salario mínimo y no delegó en los comités. El hecho de que entre esas industrias no se mencione la de la construcción no tiene pertinencia alguna en cuanto a la cuestión legal planteada. Conviene señalar que la Sec. 7 que le sigue concedió un aumento de un 25% sobre el salario mínimo que se venía pagando el primero de enero de 1956 por todo trabajo o servicio cubierto por decreto mandatorio.

Independientemente de si la industria de la construcción está o no regida por la Ley Núm. 96, la Sec. 32 por su propio contenido es un estatuto de aplicación general a toda reclamación de salarios como lo es el Art. 1867 del Código Civil, y sustituye a éste en todo lo que pudiera ser diferente, o contradictorio. *Rodríguez* v. *Eastern Sugar*, 82 D.P.R. 580 (1961); *Agostini* v. *Tribunal Superior*, 82 D.P.R. 219, 223 (1961); *Laborde* v. *Eastern Sugar Associates*, 81 D.P.R. 478 (1959). Tanto la Sec. 32 de la Ley Núm. 96 como el Art. 1867 del Código Civil han fijado períodos prescriptivos de 3 años. La Sala sentenciadora resolvió, no obstante, como

cuestión de derecho, que en la industria de la construcción el período prescriptivo es de un año.

La cuestión de salarios en la industria de la construcción ha sido objeto de atención separada por parte del Legislador a través de los años. En 1931 aprobó la Ley Núm. 73 para establecer que los salarios devengados en la construcción, ampliación, etc. de cualquier obra, constituyen un gravamen sobre dicha propiedad y para determinar el procedimiento de ejecución de dicho gravamen. Se dispuso que cuando un obrero trabajare en la construcción, ampliación, etc. de una obra, casa o edificio, el importe de los salarios que devengare por su trabajo constituye un gravamen sobre dicha propiedad, ya se realice la obra bajo la inmediata dirección del propietario, como en aquellos otros casos en que intervinieren contratistas, sub-contratistas, ajustadores o maestros de obras. Esta Ley permitió también la reclamación del salario en sí y se dispuso que ninguna acción o reclamación de salario podría establecerse contra el *propietario o cesionario de la obra* 60 días después de haber concluido el trabajo cuyo pago se reclama. El término de 60 días fue ampliado a un año por la Ley Núm. 2 de 28 de febrero de 1942. Así ampliado se aplicó por este Tribunal en *Sierra* v. *Cintrón,* 72 D.P.R. 655 (1951) en donde sostuvimos que además de crear el gravamen la Ley Núm. 73 permitía reclamar salarios y que una acción *contra el propietario* estaba prescrita por el transcurso de un año.

Al aprobarse la Ley Núm. 379 de 15 de mayo de 1948 estableciendo la jornada de trabajo en Puerto Rico, el Legislador volvió a disponer en la Sec. 10 de la misma en cuanto a la industria de la construcción. Estableció que en las obras de construcción, reconstrucción, etc., por ajuste o precio alzado, y en cualquier trabajo en que intervengan contratistas, sub-contratistas, ajustadores, maestros de obra o cualquier agente o representante del patrono, el empleado tiene derecho a la compensación adicional a base de tipo doble de

salario que fija esa Ley por horas extras. Se dispuso expresamente en tales casos que el *propietario* o la persona para quien se haga la obra o se realice el trabajo es *solidariamente* responsable del pago de los salarios devengados junto con el contratisa, sub-contratista, ajustador, maestro de obra o cualquier otro agente o representante del patrono. Al imponerse esa responsabilidad *solidaria* por salarios se decretó, no obstante, que ninguna acción o reclamación podrá establecerse contra el *propietario o cesionario de la obra* un año después de haber concluido el trabajo en que se reclama el pago de salarios.

Con posterioridad a la Ley Núm. 96 se legisló ampliamente en torno a la industria de la construcción por la Ley Núm. 111 de 22 de junio de 1961, para garantizar el pago de salarios y exigirles a los contratistas la prestación de fianza; establecer la responsabilidad de la fianza y de los fiadores; autorizar el procedimiento para la reclamación y pago de dichos salarios e imponer penalidades. Esta Ley exige la prestación de una fianza por todo contratista para garantizar el pago de salarios a los obreros en cantidad no menor del 10% del costo estimado de la obra y concede acción a los obreros contra la fianza por salarios no pagados. Se dispuso en su Art. 9 que la acción contra la fianza y los fiadores del contratista se entenderá prescrita al año de concluida la obra y de haberse terminado toda labor en la misma. Transcurrido dicho año podrá cancelarse la fianza a menos que se encuentren pendientes reclamaciones judiciales bajo dicha Ley.

El anterior historial legislativo demuestra que en la industria de la construcción particularmente, el Legislador ha querido dar protección adicional al obrero haciendo responsable también del pago de salarios al *dueño* o *propietario* de la obra edificada, aunque éste no hubiere intervenido o realizado el contrato de trabajo. En el caso de la Ley Núm. 111, haciendo responsables a los fiadores. Por otra parte, la res-

ponsabilidad adicional impuesta al dueño, o a los fiadores, la ha sujetado el Legislador al término prescriptivo de un año. Ninguna de esas leyes ha reducido el término prescriptivo de 3 años a uno en el caso de una reclamación contra el propio contratista, sub-contratista, ajustador o maestro de obra que edifica y realiza el contrato de trabajo. Para éstos siempre ha existido, tanto bajo el Art. 1867 del Código Civil como ahora bajo la Sec. 32 de la Ley Núm. 96, el período de 3 años.

Aun más. Culminando ese historial legislativo, el 26 de abril de 1963 se aprobó la Ley Núm. 12 que enmendó el Art. 10 antes citado de la Ley Núm. 379 de 1948, y se dispuso ahora que el período prescriptivo de un año a favor del *dueño o cesionario* de la obra no se aplica si la obra se ha efectuado por *administración*, y dice la enmienda: "en el cual caso regirá lo dispuesto sobre prescripción en los casos de reclamaciones de salarios en la Sección 32 de la Ley núm. 96 de 26 de junio de 1956, según enmendada". No es correcto, por lo tanto, sostener en derecho que la industria de la construcción está regida en general por un período prescriptivo de un año, a diferencia de otras industrias, en lo que respecta a las acciones por reclamación de salarios. La acción en el caso de autos no se ha interpuesto contra el dueño o propietario de la obra, Hotel Ponce, sino contra la constructora de la misma.

Pareciéndonos claro en un principio que los obreros reclamantes tenían derecho a que su reclamación se resolviera en los méritos y dada la norma legislativa que ha investido a estas acciones de un carácter sumario—Ley Núm. 2 de 17 de octubre de 1961—y no habiéndose dilucidado aún la reclamación en su fondo en el tribunal de instancia, dictamos orden a la interventora Metropolitan Builders Corp. y le concedimos un plazo razonable de 25 días para que mostrara causas por las cuales no debía expedirse el auto de *certiorari* y anularse el fallo de la Sala sentenciadora de 17 de junio

de 1964 que declaró prescrita la acción. La interventora ha comparecido en un escrito de un corto párrafo en donde ni afronta el problema planteado ni hace esfuerzo alguno para sostener la corrección en derecho del fallo aludido.

*Por los fundamentos que anteriormente se exponen queda expedido el auto de certiorari, se anulará el fallo de la Sala sentenciadora de 17 de junio de 1964 que declaró prescrita la acción y se devolverán los autos a dicha Sala para que conozca de la reclamación en los méritos y para todo otro ulterior procedimiento compatible con lo que aquí se resuelve.*