JULIA RIVERA DE VINCENTI, demandante y recurrente, *v.* ROBERTO COLÓN y/o FRANCISCO HERNÁNDEZ, demandado y recurrido.

*Número:* O-73-250        *Resuelto:* 14 de marzo de 1975

*Benjamín Acevedo Defillo* y *Angel Alfonso Colón,* abogados de la recurrente; *Héctor M. Laffitte,* abogado de Francisco Hernández.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Francisco Hernández, empleado público, en un esfuerzo por mejorar su hogar contrató con el señor Roberto Colón la construcción de unas mejoras a su residencia por las cuales desembolsó los pagos anticipadamente. El contratista Colón se había comprometido a sufragar los salarios del personal que contratase y subcontrató al querellante Eulogio Hernández para realizar el trabajo de plomería. No obstante, Colón abandonó la obra sin pagarle, por lo que el querellante, representado por el Secretario del Trabajo, reclamó de ambos el pago adeudado por la parte del trabajo de plomería realizado.

El Tribunal de Distrito sentenció en rebeldía al contratista a pagarle la suma de $275.00, más una suma igual por concepto de daños y perjuicios y, en sus méritos, desestimó la querella en cuanto al propietario. En apelación ante el Tribunal Superior la sentencia fue confirmada, ante lo cual expedimos auto de *certiorari*.

Ante nos, el querellante sostiene que el propietario de la obra le responde por la totalidad de los salarios adeudados independientemente de que haya o no saldado su cuenta con el contratista, mientras que el querellado argumenta la tesis, que encontró apoyo en los tribunales de instancia, de que su responsabilidad cesó al pagarle al contratista por ser de aplicación el Art. 1489 (31 L.P.R.A. sec. 4130) del Código Civil, que reconoce la causa de acción contra el dueño de la obra que poseen los que suplen trabajo y materiales al contratista en obra ajustada alzadamente, hasta el límite que el dueño adeude al contratista.

■ La regla de hermenéutica de que una ley especial sobre determinada materia prevalece sobre cualquier otro precepto de carácter general expuesta en nuestro desarrollo doctrinal, [1] nos lleva a modificar los dictámenes de los tribunales de instancia, por ser de estricta aplicación al caso de autos

---

[1] *Suárez Fuentes* v. *Srio. de Hacienda,* 99 D.P.R. 984, 992 (1971); *París* v. *Canety,* 73 D.P.R. 403, 406 (1952).

el Art. 10 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada (29 L.P.R.A. sec. 279), que dispone:

"En las obras de construcción, reconstrucción, reparación o mejora de propiedad, por ajuste o precio alzado, y en cualquier trabajo en que intervengan contratistas, subcontratistas, ajustadores, maestros de obra o cualquier agente o representante del patrono, el empleado también tendrá derecho a la compensación adicional a base de tipo doble de salario que fija esta ley para horas extras de trabajo.

En estos casos, el propietario, o la persona para quien se haga la obra o realice el trabajo, con el contratista, subcontratista, ajustador, maestro de la obra, agente o representante del patrono, *serán solidariamente responsables del pago de los salarios devengados en horas regulares y horas extras de trabajo;* Disponiéndose, que ninguna acción o reclamación podrá establecerse contra el propietario o cesionario de la obra un año después de haber concluido el trabajo cuyo pago se reclama, excepto cuando la obra se efectúe por administración en el cual caso regirá lo dispuesto sobre prescripción en los casos de reclamaciones de salarios en la Sección 32 de la Ley núm. 96 de 26 de junio de 1956, según enmendada." (Bastardillas nuestras.)

La transcrita disposición de ley establece la solidaridad y responsabilidad del propietario por los salarios devengados por los obreros, aun en las circunstancias en que éste haya satisfecho al contratista la compensación pactada. La decisión del tribunal sentenciador equivale a sostener que el texto de la ley especial es inoperante e implica que todo caso se regirá por el Art. 1489 del Código Civil. Dicho dictamen no es armonizable con el propósito [2] de la ley como tampoco lo son ambas disposiciones de ley; únicamente la ley especial puede prevalecer. [3]

---

[2] El historial legislativo demuestra un interés del Legislador de proveer protección adicional a los obreros de la industria de la construcción. *Secretario del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 68 (1964); *Ferrer* v. *Alliance Company of P.R., Inc.*, 93 D.P.R. 1 (1966).

[3] El caso de *C. Armstrong e Hijos* v. *Díaz*, 95 D.P.R. 819 (1968) citado por el tribunal sentenciador no es sólo distinguible por tratarse de una reclamación de un suplidor de materiales sino que expresamente señala-

Fue errónea la conclusión del tribunal de instancia sosteniendo la interpretación del querellado Hernández a los efectos de que, armonizando ambos artículos, el propietario sólo es responsable solidariamente por lo que le adeuda al contratista.

En nuestra función básica y última de hacer justicia no podemos pasar por alto el aspecto relacionado con el pago de una suma líquida en concepto de penalidad, que de ordinario procede en casos de reclamaciones de obreros al amparo del Art. 13 de la ley especial que nos ocupa (29 L.P.R.A. sec. 282) y la Sec. 30 (a) de la Ley de Salario Mínimo de 1956 (29 L.P.R.A. sec. 246b).

Hemos resuelto que las penalidades no se presumen y su imposición sólo se justifica en las situaciones en que el Legislador claramente las ha previsto. *Colón Molinary* v. *A.A.A.*, 103 D.P.R. 143 (1974). En el caso de autos, la responsabilidad del dueño de la obra nace únicamente en virtud de un precepto que la caracteriza como solidaria, y no está basada propiamente en una relación obrero-patronal. Ello exige un enfoque judicial distinto, compatible con aquel que ha tenido eco en la Asamblea Legislativa al establecerse diferencias al término prescriptivo fijado en el artículo en cuestión. [4]

Imponer en este caso la penalidad conduciría a resultados injustos, carentes de finalidad social o correctiva.

*Se dictará Sentencia modificándose la sentencia del Tribunal Superior, Sala de San Juan de fecha 8 de junio de 1973 confirmando la del Tribunal de Distrito, Sala de Río Piedras del 14 de mayo de 1970 a los fines de imponer responsabilidad al señor Francisco Hernández. Su responsabilidad será la*

---

lamos, en lo pertinente: "Conforme a los principios generales de la contratación, y en ausencia del citado Art. 1489 *ó de otras disposiciones especiales,* los obreros y los suministrantes sólo tendrían contra el dueño de la obra la acción subrogatoria. . . ." 824.

[4] Vol. 17: *Diario de Sesiones;* Tomo 2, pág. 762 (1963).

*suma de $275.00, las costas del proceso sin especial condena de honorarios de abogado y sin imposición de penalidad adicional alguna. Así modificada, se confirma.*