Carlos CASTRO et al., Plaintiffs,

v.

CENTRAL AGUIRRE SUGAR COMPANY, Defendant.

Civ. No. 221-60.

United States District Court
D. Puerto Rico,
San Juan Division.
March 18, 1963.

578

Francisco Aponte, Santurce, P. R., for plaintiffs.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This case is now before the Court for decision on two questions, viz., a motion for reconsideration of the Court's holding, on September 12, 1962, that the defendant's hotel and hospital workers are covered by the Fair Labor Standards Act,

and the second question, submitted after a hearing held to determine whether the omission giving rise to this action was in good faith and on reasonable grounds for believing that it was not in violation of the Act, so as to preclude assessment of liquidated damages. 29 U.S.C.A. § 260.

The precise contention involved in the motion for reconsideration—that plaintiffs, were not actually producing, manufacturing, mining, transporting or in any other manner working on such goods, or *in any closely related process or occupation directly essential to the production of goods for commerce*,—was fully covered by the Court's memorandum of September 12, 1962, specifically and fully, in the frame of reference provided by the italicized words; and, as in my opinion these plaintiffs' activities fall within the scope of those words of the statute, they are as fully covered as if they were manufacturing sugar. The motion for reconsideration is therefore denied.

Touching now upon the question of liquidated damages, defendant is fully protected with respect to the hotel workers. In failing to pay the standard wage to these workers, it was guided by the judgment of this Court in Rivera et al. v. Central Aguirre Sugar Company, 1941, Civil Action No. 105, in which it was defendant in a case brought by the employees of the same hotel involved herein, and surely it acted in good faith, and had reasonable grounds for believing that it was not violating the law by acting in conformity with the Court's judgment. It would be abuse of the discretion invested in the Court by Section 260, supra, if the Court held otherwise. Therefore I hold that the plaintiffs who worked in the hotel are not entitled to recover liquidated damages.

In the case of the hospital employees, who were not covered by the decision in Rivera et al. v. Central Aguirre Sugar Company, supra, defendant's position in respect of immunity from liquidated damages is not so clean-cut as in the case of the hotel workers. However, it

appears that defendant's officers exchanged views and information concerning labor policies on a regular basis with South Porto Rico Sugar Company (Guanica Central), and through the latter had notice of a Wage Order of the United States Department of Labor effective December 14, 1957, which, although not specifically exempting hospital workers, does not include the operation of a hospital as an activity of the sugar manufacturing industry in Puerto Rico. The contents of this Wage Order, coupled with the judicial exemption of a similar activity in the Rivera case, supra, afforded the defendant reasonable grounds for belief that the hospital workers were not entitled to the standard wage and the failure to pay such workers, was I am convinced, an omission in good faith. Therefore in the exercise of a sound discretion, I cannot award liquidated damages to the hospital workers.