JUAN SALGADO ET AL., and CRESENCIO PIZARRO ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. C-64-92.      Decided May 12, 1965.

*Jorge Luis Landing & Ferdinand Rivera Ortega* for petitioners. *McConnell, Valdés & Kelley,* and *Donald M. Hall* for General Electric Switchgear, Inc., and Caribe General Electric, Inc.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On June 5, 1956 the companies Caribe General Electric, Inc., and General Electric Switchgear, Inc., established certain work shifts for their employees, excluding office employees and supervisors, by virtue of which a period of half an hour was granted for taking food. The employees signed a stipulation in which they stated that "after having discussed with the management the . . . time schedule proposed for our shift, we consent to follow it and consequently we agree in writing to work by the same." On June 8 the Secretary of Labor approved the stipulation in conformance with § 14 of Act No. 379 of May 15, 1948, 29 L.P.R.A. § 283,[1] pointing out that if in the future any employee who had consented to the reduction of the period for mealtime would like to take the whole hour, it would be permitted, and moreover, the companies would grant them ten minutes rest with pay during each one of the four-hour periods in which the working day was divided.

On December 9, 1963 and February 18, 1964 a group of employees filed a complaint against the companies alleging that since May 8, 1956 they had been compelled to work in shifts which limited to half an hour the period for tak-

---

[1] At that time § 14 read: "Every employer shall affix in a conspicuous place . . . a printed notice setting forth the number of hours of work required daily from the employees during each day of the week, the hours of beginning and ending work, and the hour when the period for taking food begins and ends; *Provided,* That the time fixed for taking food shall not be less than one (1) hour, unless for the convenience of the employee, and by stipulation of said employee and his employer, with the approval of the Secretary of Labor, a shorter period is fixed."

ing food; that according to law they were entitled to receive compensation, at double rate, for the half-hour worked, and that, in addition, they could recover, by way of the civil penalty, a sum equal to the unpaid sum. .

Respondents filed a motion for partial summary judgment. In support of their motion, they attached, among other documents, copies of the stipulation referred to, of the approval by the Secretary of Labor and of an affidavit sworn by the Director of Personnel, Manuel Laborde Montaner. The court granted petitioners until May 30 to file counter statements. They failed to do so. On July 3 the trial court rendered judgment with the following principal pronouncements. 1—That the right to claim pecuniary compensation for the half-hour worked is only acknowledged after approval of Act No. 121 of June 27, 1961 (Sess. Laws, p. 261), which established the double compensation for work performed during the period for taking food; 2—that those petitioners who had signed the stipulation were precluded from claiming since they had consented to the reduction of the period for taking food, with the approval of the Secretary of Labor, and the stipulation was valid and binding even after the effectiveness of Act No. 121; and 3—that in the cases where the claim would be appropriate the judgment should include as penalty an additional sum to the unpaid sum.

Both parties moved for reconsideration. Respondents, for reconsideration of the pronouncement concerning the inclusion of the penalty; the petitioners, for reconsideration of the pronouncement concerning the validity and effectiveness of the stipulation, and to that effect they attached an affidavit which reads:

"That the manner in which the stipulations were obtained by the Caribe General Electric, Inc., and the General Electric Switchgear, Inc., was in violation of law since the such stipulations were not signed voluntarily by petitioners and the great

majority of the employees never knew that they were signing a reduction of the working day or a time schedule leading to said reduction.

"That the element of willfulness was not present in any signature that petitioners or the undersigned might have affixed in relation to said stipulations."

The trial court ratified its former decision except that it reexamined the question concerning the imposition of the penalty and decided that it was inappropriate.

At the request of petitioners we issued writ of certiorari to review the actions of the trial court. The contentions are reduced to two: the unavailability of the summary judgment and the challenge to the pronouncement of the imposition of the penalty. We shall reverse the order of the discussion.

1—The sources of civil "penalty" in the cases of wage claims are § 13 of Act No. 379 of May 15, 1948, 29 L.P.R.A. § 282, and § 30(a) of the Minimum Wage Act of 1956, 29 L.P.R.A. § 246(b) (Supp. 1964, at 165). Section 13, which has maintained, on this particular, the same text since its approval, states that "Any employee who receives a compensation less than that fixed by this Act for regular hours and extra hours of work shall be entitled to recover from his employer, through civil action, the sums unpaid, plus an equal sum as liquidation of damages . . ."; § 30(a) provides that "Every laborer or employee who receives for his work a compensation lower than that fixed in this Act or in a mandatory decree, order or regulation of the Minimum Wage Board, or in a collective bargaining agreement or on an individual labor contract shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which he is entitled, plus an amount equal to the unpaid amount, as an additional compensation. . . ."[2]

---

[2] The preceding provision—§ 25 of the Minimum Wage Act of 1941, No. 8 of April 5, 1941, 29 L.P.R.A. § 236—referred to an amount "as an additional *penalty*." Fifty percent of the unpaid amount was originally

■ As it may be noted, the imposition lies 1—when the employer pays a compensation less than that fixed for regular hours and extra hours of work; and, 2—when the employee is paid a compensation less than the one fixed in the Minimum Wage Act, in a mandatory decree, in a collective bargaining agreement or in an individual labor contract. Clearly, the case is not comprised in the second premise. As to the first, we have already decided in *Pamblanco* v. *Union Carbide*, 90 P.R.R. 693 (1964), that the hour for taking food should not be considered as an extra hour. We said at that time: "If the intention of the lawmaker had been to consider this hour for taking food as an extra hour, it would have been easy for him to include it in the enumeration of § 4 of Act No. 379, 29 L.P.R.A. § 273, as he did, among others, in the case of hours worked during the day of rest or on those days in which the establishment where he renders services should remain closed to the public." Moreover, as we pointed out in *Pamblanco*, the intention of the lawmaker was to provide, in addition to the criminal penalty, a "civil penalty" for the purpose of having employers comply with the obligation imposed by law to grant employees a period for taking food. Nor is it a question of a compensation lower than that fixed for regular hours, for as we held in *Encarnación* v. *Jordán*, 78 P.R.R. 481 (1955), it refers to the wage agreed upon, to the minimum wage fixed for the occupation, industry or business in ques-

---

fixed; by amendment of Act No. 217 of May 11, 1945 (Sess. Laws, p. 680) it was provided that the additional amount be equal to the unpaid amount.

Section 16(b) of the Fair Labor Standards Act —29 U.S.C. § 216(b) —established the payment of an additional amount as liquidated damages by the employer who violated the provisions of §§ 6 and 7. Subsequently § 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, retained the payment of liquidated damages, except in cases where the employer showed to the satisfaction of the court that he acted in good faith and that his actions were not a violation of the act. In such a case, the court could, in its discretion, refrain from awarding liquidated damages. *Castro* v. *Central Aguirre Sugar Co.*, 214 F.Supp. 577 (P.R. 1963).

tion, and, in default of such determination, to the wages that are customarily paid in the locality for similar work.

■■ On the other hand, it is a settled rule that penalties cannot be presumed and that the intention of their imposition should be clearly expressed, *Wolf* v. *Neckwear Corporation*, 80 P.R.R. 519 (1958); *Cardona* v. *District Court*, 62 P.R.R. 59, 74–75 (1943); *West India Oil Co. (P.R.)* v. *Buscaglia, Treas.*, 61 P.R.R. 755 (1943); *Am. Railroad Co.* v. *Industrial Commission*, 61 P.R.R. 303 (1943). In the absence of an express legislative intent we cannot, by way of interpretation, extend the penalty to cases not specifically comprised in these two legal provisions.

2—Although it is true that complainants were not diligent in failing to present timely counter statements for which the court granted them a term, it is not less true that this is not a proper case to apply the provisions of rules of procedure in their strict meaning. The validity of the stipulations is probably the core of the claim especially if it is considered that they were signed when the Act did not have pecuniary consequences, and now it is sought to extend their efficacy to defeat a right which was granted after they were signed. Under these conditions it was more profitable, in the exercise of a sound discretion, to grant the opportunity requested by way of reconsideration, regarding the motion as one under Rule 49.2 of the Rules of Civil Procedure of 1958.

■ By virtue of the foregoing, the judgment appealed from will be affirmed as to the pronouncements concerning the date from which the claim is deductible and the unavailability of the penalty, and it will be set aside and remanded for the sole purpose of admitting evidence, if the parties deem it proper, on the validity—voluntary character—and efficacy of the stipulations to cover the period as of June 27, 1961.