JUAN SALGADO ET AL., y CRESENCIO PIZARRO ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

*Número:* C-64-92      *Resuelto:* 12 de mayo de 1965

*Jorge Luis Landing & Ferdinand Rivera Ortega,* abogados de los peticionarios; *McConnell, Valdés & Kelley* y *Donald M. Hall,* abogados de la General Electric Switchgear, Inc. y Caribe General Electric, Inc.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 5 de junio de 1956 las empresas Caribe General Electric, Inc. y General Electric Switchgear, Inc. establecieron ciertos turnos de trabajo para sus trabajadores, excluyendo los empleados de oficina y los supervisores, mediante los cuales se concedía un período de media hora para tomar alimentos. Suscribióse una estipulación por los empleados en la cual expresaban que "después de haber discutido con la

gerencia el . . . horario de trabajo propuesto para nuestro turno, consentimos seguirlo y por consiguiente acordamos por escrito regirnos por el mismo." El día 8 de junio el Secretario de Trabajo aprobó la estipulación, conforme al Art. 14 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 283, [1] señalando que si en el futuro cualquiera de los empleados que había consentido en la reducción del período para tomar alimentós deseare disfrutar de la hora completa, ello se le permitiría, y que además las compañías le concederían diez minutos de descanso con paga durante cada uno de los períodos de cuatro horas en que se dividía la jornada diaria.

En 9 de diciembre de 1963 y 18 de febrero de 1964 un grupo de empleados demandó a las empresas alegando que desde el 8 de mayo de 1956 se les había obligado a trabajar en turnos que limitaban a media hora el período para tomar alimentos; que conforme a la ley era procedente que se les compensara la media hora trabajada a doble tiempo y que además era recobrable por concepto de la penalidad civil una cantidad igual a la dejada de satisfacer.

Las querelladas solicitaron sentencia sumaria parcial. Para sustanciar su pedido acompañaron, entre otros documentos, copias de la estipulación a que hicimos referencia, de la aprobación por el Secretario de Trabajo y de una declaración jurada del jefe de personal Manuel Laborde Montaner. El tribunal concedió a los querellantes hasta el 30 de mayo para presentar contradeclaraciones. No lo hicieron. El 3 de julio el tribunal de instancia dictó sentencia con los siguien-

---

[1] Para dicha fecha el Art. 14 leía: "Todo patrono fijará en un lugar visible . . . un aviso impreso, haciendo constar el número de horas de trabajo que se exige diariamente a los empleados durante cada día de la semana, las horas de comenzar y terminar el trabajo, y la hora en que empieza y termina el período destinado a tomar alimentos; *Disponiéndose,* que el tiempo señalado para tomar alimentos no será menor de una (1) hora, a menos que por razón de conveniencia para el empleado y por estipulación de éste y su patrono con la aprobación del Secretario de Trabajo, se fijare un período menor."

tes pronunciamientos principales: 1—que el derecho a reclamar compensación pecuniaria por la media hora trabajada sólo se reconoce a partir de la aprobación de la Ley Núm. 121 de 27 de junio de 1961 (Leyes, pág. 276), que fue la que determinó el pago doble para la labor realizada durante el período para tomar alimentos; 2—que aquellos querellantes que habían suscrito la estipulación estaban impedidos de reclamar pues habían consentido la reducción del período para tomar alimentos, con la aprobación del Secretario de Trabajo, y la estipulación era válida y obligatoria aun después de la vigencia de la Ley Núm. 121; y, 3—que en los casos en que la reclamación fuera procedente la sentencia debería incluir como penalidad una suma adicional a la cantidad adeudada.

Ambas partes solicitaron reconsideración. Las querelladas, del pronunciamiento relativo a la inclusión de la penalidad; los querellantes, del relativo a la validez y vigencia de la estipulación, para lo cual acompañaron una declaración jurada que lee:

"Que la forma en que fueron obtenidas las estipulaciones por la Caribe General Electric, Inc. y por la General Electric Switchgear, Inc. fueron contrarias a la Ley ya que las mismas no fueron suscritas voluntariamente por los querellantes y la gran mayoría de los empleados nunca supieron que estaban firmando una reducción de la jornada de trabajo o un horario que conllevara tal reducción.

"Que el elemento de voluntariedad no estubo [*sic*] presente en cualquier firmas que pudieran dar los querellantes o el suscribiente en relación con dichas estipulaciones."

El tribunal a quo ratificó su anterior resolución, excepto que reexaminó la cuestión relativa a la imposición de la penalidad y resolvió que ésta era improcedente.

A petición de los querellantes expedimos auto de *certiorari* para revisar las actuaciones del tribunal de instancia. Los planteamientos se reducen a dos, la improcedencia de la sentencia sumaria y la impugnación del pronunciamiento

sobre la imposición de la penalidad. Invertiremos el orden de la discusión.

1—Las fuentes de la "penalidad" civil en los casos de reclamaciones de salarios son el Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 282, y la Sec. 30(a) de la Ley de Salario Mínimo de 1956, 29 L.P.R.A. sec. 246(b) (Supl. 1964, pág. 175). El Art. 13, que ha conservado en este particular el mismo texto desde su aprobación, dice que "Todo empleado que reciba una compensación menor que la fijada en esta Ley para horas regulares y horas extras de trabajo, tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios . . ."; la Sec. 30(a) dispone que "Todo obrero o empleado que por su trabajo reciba compensación inferior a la prescrita en esta ley o en un decreto mandatorio, orden o reglamento de la Junta de Salario Mínimo o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de compensación adicional. . . ."[2]

■ Como podrá verse procede la imposición 1—cuando el patrono satisfaga una compensación menor que la fijada para

[2] La disposición precursora—la Sec. 25 de la Ley de Salario Mínimo de 1941, Núm. 8 de 5 de abril de 1941, 29 L.P.R.A. sec. 236—hacía referencia a una cantidad "por concepto de *penalidad* adicional." Originalmente se fijó un cincuenta por ciento de las cantidades adeudadas; mediante enmienda por la Ley Núm. 217 de 11 de mayo de 1945 (Leyes, pág. 681) se dispuso que fuera una suma adicional igual a la dejada de satisfacer.

La Sec. 16(b) de la Ley Federal de Normas Razonables—29 U.S.C. sec. 216(b)—estatuyó el pago de una suma adicional como daños líquidos por el patrono que violare las Secs. 6 y 7. Posteriormente la Sec. 11 de la Ley de Portal a Portal, 29 U.S.C. sec. 260, conservó el pago de los daños líquidos, salvo los casos en que el patrono demostrare a satisfacción del tribunal que actuó de buena fe y que sus actuaciones no constituían una violación de la ley. En tal caso, el tribunal, discrecionalmente, podía abstenerse de incluir el pronunciamiento sobre daños líquidos. *Castro* v. *Central Aguirre Sugar Co.*, 214 F.Supp. 577 (P.R. 1963).

horas regulares y horas extras de trabajo; y, 2—cuando se le pague al empleado una compensación menor a la prescrita en la Ley de Salario Mínimo, en un decreto mandatorio, en un convenio colectivo o en un contrato individual de trabajo. Claramente el caso no se encuentra comprendido en el segundo supuesto. En cuanto al primero, ya hemos resuelto en *Pamblanco* v. *Unión Carbide*, 90 D.P.R. 712 (1964), que la hora para tomar alimentos no debe considerarse como una hora extra. Dijimos entonces: "Si la intención del legislador hubiese sido considerar esta hora para tomar alimentos como hora extra, fácil le hubiese sido incluirla en la enumeración del Art. 4 de la Ley Núm. 379, 29 L.P.R.A. sec. 273, como lo hizo, entre otros, en el caso de las horas extras trabajadas durante el día de descanso o en aquellos días en que el establecimiento en que preste servicios deba permanecer cerrado al público." Además, como señalamos en *Pamblanco*, el propósito legislativo fue en adición a la penalidad criminal proveer una "penalidad civil" con miras a lograr que los patronos no desatendieran la obligación que les imponía la ley de conceder a los empleados un período para tomar alimentos. Tampoco se trata de una compensación menor a la fijada para horas regulares, pues conforme resolvimos en *Encarnación* v. *Jordán*, 78 D.P.R. 505 (1955), ésta se refiere al salario convenido, al salario mínimo fijado para la ocupación, industria o negocio en cuestión, y a falta de otro, al salario que suele pagarse en la localidad por trabajos similares.

▆ Por otro lado, conocida es la regla de que las penalidades no se presumen y que la intención de su imposición debe aparecer claramente, *Wolf* v. *Neckwear Corporation*, 80 D.P.R. 537 (1958); *Cardona* v. *Corte*, 62 D.P.R. 61, 77–78 (1943); *West India Oil Co.* v. *Buscaglia*, 61 D.P.R. 782 (1943); *Am. Railroad Co.* v. *Comisión Industrial*, 61 D.P.R. 314 (1943). En ausencia de una intención legislativa expresa no podemos por vía de interpretación extender la penalidad

a casos que no se encuentran comprendidos específicamente en estas dos disposiciones legales.

2—Si bien es cierto que la parte querellante no fue diligente al omitir presentar oportunamente las contradeclaraciones para lo cual el tribunal le concedió un término, no es menos cierto que no es éste un caso apropiado para aplicar las disposiciones de las reglas procesales con todo rigor. La validez de las estipulaciones es probablemente la médula de la reclamación, sobre todo si se considera que fueron suscritas cuando la ley no tenía consecuencias pecuniarias, y ahora se pretende extender su eficacia para derrotar un derecho que fue concedido luego de haber sido firmadas. En estas condiciones era más provechoso, en el ejercicio de una sana discreción, darle la oportunidad que se solicitó por vía de reconsideración, considerando la moción como una bajo la Regla 49.2 de las de Procedimiento Civil de 1958.

■ *En virtud de todo lo expuesto, se confirma la resolución objeto del presente recurso en los pronunciamientos relativos a la fecha desde la cual la reclamación es deducible y a la improcedencia de la penalidad, y se deja sin efecto y devuelve a los únicos fines de que se admita prueba, si así lo estiman las partes, sobre la validez—carácter voluntario— y eficacia de las estipulaciones para cubrir el período a partir del 27 de junio de 1961.*