FÉLIX TORRES MARRERO Y OTROS, demandantes y recurridos, *v.* HULL DOBBS COMPANY OF PUERTO RICO, INC., demandada y recurrente.

*Número:* R-71-232     *Resuelto:* 14 de abril de 1975

*Orlando J. Antonsanti* y *Ernesto González Piñero,* abogados de la recurrente; *Sarah Torres Peralta* y *Gustavo A. del Toro,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Treinta empleados de Hull Dobbs Company of Puerto Rico, Inc., formularon una querella contra ésta, alegando sustancialmente que durante el período comprendido entre los años 1954 a 1964 no disfrutaron de su derecho a vacaciones en la forma establecida por ley, y reclamando sumas adeudadas por tal concepto.

Los querellantes realizaban labores en un taller de hojalatería, pintura y mecánica que opera la querellada. De acuerdo con las determinaciones de hechos del tribunal de instancia, el trabajo siempre se realizaba en relación con los vehículos nuevos que vendía la querellada y con aquellos que estaban dentro del período de servicio gratuito provisto por la garantía, o sea, como parte de la operación de su negocio de automóviles, con excepción de algunos casos aislados en que por concesión especial se reparaban otros automóviles.

Los querellantes basaron su reclamación en las disposiciones sobre vacaciones de los decretos números 8 de 1945 y 8 enmendado de 1955 promulgados por la Junta de Salario Mínimo y aplicables a la Industria de Comercio al por Menor, que confieren el derecho a disfrutar vacaciones con sueldo a razón de 1 1/4 días laborables por cada mes en que el obrero

haya trabajado por lo menos 120 horas. La querellada niega que estos decretos cubran a los querellantes, por entender que les es aplicable el Decreto Mandatorio número 40 de 1958 y sus versiones enmendadas referentes a la Industria de Reparación de Vehículos de Motor, Artefactos Eléctricos y otros servicios, que no les concedía derecho a vacaciones durante el período referente a la presente reclamación.

El tribunal sentenciador determinó que los decretos aplicables lo son el número 8 de 1945 y el número 8 enmendado de 1955, que son los que regulan el comercio al por menor; y luego de entrar en otras consideraciones que discutiremos más adelante, concluyó que la querellada les adeuda la suma de $52,601.32 por concepto de vacaciones no disfrutadas más las penalidades aplicables durante el período comprendido entre 1954 y 1964.

Básicamente hemos de determinar: (1) cuál de los decretos aludidos es el aplicable; y (2) a la luz de los hechos que estimó probados el tribunal de instancia, cuáles son los derechos de los querellantes. Examinaremos ambas cuestiones por separado.

## I

La legislación original sobre salario mínimo—Ley Núm. 8 de 5 de abril de 1941—autorizó a los comités de salario mínimo a estudiar e informar a la Junta de Salario Mínimo y a ésta a fijar, entre otras cosas, las condiciones de trabajo requeridas para la conservación de la salud, seguridad y bienestar de los empleados y trabajadores en distintas ocupaciones, negocios e industrias. La ley estuvo vigente por espacio de quince años, durante los cuales la Junta de Salario Mínimo estableció y aprobó mediante decretos condiciones de trabajo para varias áreas de actividad laboral, tales como fijación de jornadas de trabajo, garantía de compensación mínima, pago por días feriados, vacaciones, suministro de facilidades sani-

tarias e higiénicas y licencia por enfermedad. *Cervecería Corona, Inc.* v. *J.S.M.*, 98 D.P.R. 801 (1970).

El primer decreto mandatorio promulgado para reglamentar ciertas condiciones de trabajo en la Industria de Comercio al por Menor lo fue el número 8 de 26 de marzo de 1945, el cual estuvo en vigor hasta el 15 de agosto de 1955, fecha en que fue revisado por vez primera al aprobarse el número 8 enmendado. Tanto uno como otro decreto definían "Comercio al por Menor" como aquel proceso, operación, trabajo o servicio necesario, incidental o relacionado con la venta o traspaso a los consumidores, con o sin ánimo de lucro, de cualquier género de mercancía o artículos que se realice en sitio o establecimiento cualquiera. Es evidente que tal definición necesariamente incluye el negocio de venta de automóviles. *Sierra Berdecía* v. *Pedro A. Pizá, Inc.*, 86 D.P.R. 447, 449 (1962); *Sierra Berdecía* v. *Hull Dobbs Co.*, 86 D.P.R. 445 (1962). Y, no fue hasta 1958 que se aprobó un decreto aplicable específicamente a la industria de "Reparación de Vehículos de Motor".

Habiéndose demostrado que la labor de los querellantes se relacionaba directamente con la gestión de venta de automóviles que lleva a cabo la querellada, y en vista de la definición de Comercio al por Menor contenida en los decretos aludidos, el tribunal de instancia concluyó correctamente que los querellantes estaban cubiertos por dichos decretos números 8 y 8 enmendado. Así parece haberlo entendido la propia querellada, al conceder a sus trabajadores el derecho a vacaciones a razón de 1 1/4 días por cada mes de trabajo, tal y como disponen los referidos decretos.

En 26 de junio de 1956 se aprobó una nueva Ley de Salario Mínimo, 29 L.P.R.A. sec. 245 *et seq*. Esta redujo considerablemente el campo de intervención de la Junta de Salario Mínimo, limitándola estrictamente a la función de fijar salarios mínimos. Se dejó a merced de la libre negociación colectiva todo lo referente a otras condiciones de trabajo, inclu-

yendo las relativas a vacaciones. Véanse *Diario de Sesiones*, 1956, vol. 8, pág. 1065; *Cervecería Corona, Inc.* v. *J.S.M.*, supra, pág. 807; *Marrero Cabrera* v. *Caribbean Refining Co.*, 93 D.P.R. 250, 261 (1966) ; *Espasas Dairy, Inc.* v. *J.S.M.*, 94 D.P.R. 816 (1967) (opinión disidente del Juez Blanco Lugo, con la cual concurrieron los Jueces Pérez Pimentel, Rigau y Ramírez Bages), pág. 832. Dicha ley, sin embargo, mantuvo vigentes aquellos beneficios y derechos ya reconocidos a los trabajadores mediante los decretos en vigor al proveer que todo lo que no fuera relativo a salario mínimo subsistiría con toda fuerza y vigor. Véanse 29 L.P.R.A. sec. 246k(b) ; *Cervecería Corona, Inc.* v. *J.S.M.*, supra, pág. 807; *Martín Santos* v. *C.R.U.V.*, 89 D.P.R. 175, 184 (1963).

■ Estando vigente la mencionada Ley de Salario Mínimo de 1956 se aprobó el Decreto número 40 de 2 de marzo de 1958 aplicable a la Industria de Reparación de Vehículos de Motor, Artefactos Eléctricos y otros servicios. Es este Decreto 40 el que la querellada sostiene debe aplicarse al caso de los querellantes. Debemos enfatizar que el Decreto 40 de 1958 y sus versiones enmendadas no aplican a los querellantes, por excluirse de su ámbito los servicios de reparación ofrecidos por aquellos patronos cubiertos por otros decretos de la Junta de Salario Mínimo o por órdenes de salarios federales, cuando se ofrecen en relación con sus propias actividades industriales, comerciales o agrícolas y no para el público en general. Este no contiene disposición alguna sobre vacaciones ni sobre otras condiciones de trabajo. No es éste, por tanto, el decreto aplicable. Son los números 8 y 8 enmendado los que cubren a los querellantes aun desde antes de aprobarse la Ley de Salario Mínimo de 1956, como correctamente determinó el tribunal de instancia, por ser la operación del taller de mecánica una operación necesaria e incidental al negocio de venta de automóviles, y por tanto dentro de la definición de "Comercio al por Menor". Estos últimos decretos continuaron protegiendo a los

querellantes por disposición expresa de la Ley de 1956 con respecto a otras condiciones de trabajo que no fueran salario mínimo.

El decreto número 8 enmendado fue sustituido por el Decreto Mandatorio 42 en 1958. Ni el 42 ni sus versiones enmendadas hasta 1968 contenían disposiciones relativas a vacaciones, por lo que continuaron en vigor las contenidas en el número 8 enmendado.

En 1968 la Legislatura devolvió a la Junta de Salario Mínimo la facultad de reglamentar el derecho a vacaciones, Ley Núm. 116 de 21 de junio de 1968, Art. 2, 29 L.P.R.A. sec. 245i(a), por estimar que la contratación colectiva no había alcanzado logros efectivos con respecto a vacaciones y licencia por enfermedad. Véanse, Informe de la Comisión de Trabajo de la Cámara de Representantes de Puerto Rico, *Diario de Sesiones*, 1968, pág. 1332; *Cervecería Corona, Inc.* v. *J.S.M.*, supra. Fue entonces que se incorporaron al Decreto 42 unas disposiciones sobre vacaciones, las que aunque casi idénticas a las del 8 enmendado de 1955, no se extienden a la reclamación objeto de este pleito, que corresponde a años anteriores, o sea, de 1954 a 1964.

En vista de lo expuesto precedentemente es nuestra opinión que a los querellantes les son de aplicación los Decretos Mandatorios números 8 de 1945 y 8 enmendado de 1955 según lo determinó el tribunal de instancia.

## II

Habiendo resuelto cuáles son los decretos aplicables a los querellantes veamos sus derechos en relación con vacaciones. El Decreto número 8 enmendado los define así: (Véase 29 R.&R.P.R. sec. 245n–138(b)).

"(b) *Vacaciones*. Todo empleado tendrá derecho a vacaciones, con sueldo completo que se hará efectivo al comenzar a disfrutarlas, a razón de $1\frac{1}{4}$ día laborable [*sic*] por cada mes en que haya tenido por lo menos 120 horas de labor. Las vacaciones las

disfrutará consecutivamente el empleado y se concederán anualmente en forma que no interrumpan el normal funcionamiento de la empresa, a cuyo fin el patrono establecerá los turnos correspondientes. El empleado no podrá exigir el disfrute de vacaciones hasta que las hubiere acumulado por un año. Mediante acuerdo por escrito entre patrono y empleado podrán acumularse durante más de un año, *pero nunca por más de dos.* En caso de que el empleado cese en su trabajo, el patrono le hará efectivo el total hasta entonces acumulado, aunque sea menos de un año. *Si excediere del máximo de 2 años aquí autorizado, el patrono deberá pagarle además 2 veces el sueldo correspondiente por el período en exceso de dichos 2 años.* Si el salario no se ha estipulado por días o períodos mayores, el sueldo correspondiente a cada día de vacaciones se computará multiplicando por 8 el tipo por hora regular más alto que hubiere percibido el empleado durante el mes a que correspondan las vacaciones. Será ilegal y nulo cualquier contrato mediante el cual el empleado renuncie, por dinero u otra causa, a disfrutar de hecho sus vacaciones a menos que medie un permiso del Secretario de Trabajo o cualquier agente autorizado por él para permitir a cualquier empleado renunciar por dinero al disfrute de sus vacaciones. El patrono que no conceda a cualquiera de sus empleados las vacaciones a que tuviere derecho después de haberlas acumulado por más de 2 años, deberá concederle el total hasta entonces acumulado *pagándole 2 veces el sueldo correspondiente por el período en exceso de dichos 2 años.*" (Énfasis suplido.)

El tribunal de instancia concluyó que la querellada reconoció el derecho a vacaciones de los querellantes a razón de 1 1/4 día por mes durante el período cubierto por la reclamación. En muchas ocasiones, sin embargo, los querellantes no disfrutaron real y efectivamente del período de vacaciones a que tenían derecho y en otras disfrutaron de una parte del mismo. En los casos en que el empleado no disfrutaba de sus vacaciones, bien fuere total o parcialmente, el patrono le pagaba las vacaciones no disfrutadas a base del salario regular devengado. Durante el período por el que se reclama el patrono no solicitó el permiso del Secretario de Trabajo, conforme lo requería el decreto, para que los empleados trabajaran du-

rante su período de vacaciones. En muchas ocasiones los empleados acumularon vacaciones en exceso de dos años de trabajo.

Para la determinación de la suma adeudada a los querellantes ascendente a $52,601.32, el tribunal de instancia utilizó la fórmula que se transcribe a continuación:

"1. Se determinó el período de empleo de cada Querellante y el salario por hora pagado a cada uno de ellos durante sus respectivos períodos de empleo.

2. Luego se determinó el número de días realmente disfrutados por cada Querellante en concepto de vacaciones así como el número de días por ese mismo concepto pagado por la Querellada a cada Querellante mientras al mismo tiempo los mantenía trabajando.

Se determinó igualmente el número de días y su equivalente en horas, así como la suma total en dinero, año por año, a que por ley cada Querellante tenía derecho por concepto de vacaciones.

3. Tomando como base las anteriores determinaciones aritméticas, el Tribunal entonces determinó la diferencia en dinero, estimada a tiempo sencillo y por salario por hora, entre la suma a que realmente tenía derecho cada Querellante por concepto de vacaciones no disfrutadas y la realmente pagada por ese mismo concepto por la Querellada a cada uno de ellos.

Esa diferencia, año por año, era la suma que debió en su origen, en los períodos respectivos, pagarle Hull Dobbs a cada Querellante, por no haber cada uno de ellos efectivamente disfrutado sus vacaciones, en adición, por supuesto, a la suma que originalmente se le pagó a cada Querellante mientras continuó trabajando.

4. Por los primeros dos años en el caso en que cada Querellante continuó trabajando sin disfrutar sus vacaciones, cada uno de ellos tenía derecho a penalidad que dispone la Ley 379 de 1948. Comoquiera que ya se le había pagado sencillo, por ese período la Querellada adeuda a cada Querellante una suma igual.

5. Por el remanente de los años de trabajo en exceso de dos años, en que cada Querellante continuó trabajando y se le pagó a base de su salario regular por hora sin disfrutar vacaciones, cada uno de ellos tenía derecho a la penalidad que disponen el Decreto Mandatorio Número Ocho y Ocho enmendado. Como-

quiera que en el caso de cada litigante ya se le había pagado sencillo, se le adeuda una suma igual por ese concepto al amparo de lo dispuesto en los referidos decretos.

En adición a la suma adeudada conforme a los decretos ya mencionados la querellada adeuda a los querellantes una suma igual por concepto de la penalidad que dispone la Ley 379. Ello es así por razón de habérsele pagado a cada querellante una suma menor por concepto de vacaciones no disfrutadas que la dispuesta en los decretos antes mencionados. *Abréu* v. *Concreto Mixto*, Sentencia del Tribunal Supremo de 12 de febrero de 1971."

En consonancia con la fórmula expuesta el tribunal determinó las sumas individuales adeudadas a cada querellante, según queda demostrado en la tabla que transcribimos y hacemos formar parte de esta opinión como Apéndice I.

Es de rigor revisar dichas determinaciones, lo que hacemos siguiendo el mismo orden que utilizó el tribunal recurrido en el Apéndice I.

La columna número uno de dicho apéndice representa el número de días trabajados por cada querellante durante el período de vacaciones a que tenía derecho. No se nos ha demostrado que estas cifras sean incorrectas.

Las cantidades de la segunda columna representan la compensación por los días de asueto no disfrutados, la que está calculada en relación con el salario promedio de cada trabajador, a tiempo sencillo, por trabajo realizado durante los períodos de vacaciones en que no se obtuvo permiso del Secretario de Trabajo. Debe señalarse que al trabajar los querellantes durante el período de vacaciones recibieron paga regular, pagándosele además las vacaciones no disfrutadas a tiempo sencillo. El tribunal concluyó que por faltar la autorización del Secretario de Trabajo para trabajar durante los períodos de asueto, el patrono habría de pagar los días de vacaciones trabajados a tiempo doble por lo que aún se les debería una paga adicional a tiempo sencillo por esos días trabajados. No podemos estar conformes con esa conclusión.

■ El tribunal de instancia basó su determinación al respecto en la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 271 *et seq.*, presumiblemente descansando en una de dos interpretaciones. Por un lado, pudo haber entendido que el trabajo realizado durante los primeros dos años en que los querellantes no disfrutaron de vacaciones constituía trabajo fuera de la jornada regular por lo que tenían derecho a doble paga conforme a la Ley Núm. 379. Equiparó pues las horas trabajadas durante el período de vacaciones con las horas extras que el Art. 5 de la Ley Núm. 379, 29 L.P.R.A. sec. 274, requiere sean pagadas a tipo doble. Pasa por alto el tribunal recurrido que la Ley 379 en su Art. 4, 29 L.P.R.A. sec. 273, establece lo que constituye horas extras a los fines del derecho al pago doble, y en la enumeración que allí se hace no se mencionan las horas trabajadas durante el período de vacaciones. Muy fácil hubiera sido incluirlas si tal hubiese sido la intención del legislador.

Pudo además haber entendido el tribunal de instancia que la querellada violó las disposiciones del Decreto Mandatorio número 8 enmendado al no obtener permiso del Secretario del Trabajo para que sus empleados renunciaran por dinero a sus vacaciones, y que por ello le era aplicable la penalidad a que se refiere el Art. 13 de la Ley Núm. 379, 29 L.P.R.A. sec. 282, a la luz de nuestra sentencia en *Abréu* v. *Concreto Mixto*, R-70-89, de 12 de febrero de 1971. En la referida sentencia, al discutir la responsabilidad civil en casos de salarios tan solo repetimos lo ya consagrado en *Salgado* v. *Tribunal Superior*, 92 D.P.R. 367 (1965), al efecto de que las fuentes de penalidad civil en los casos de reclamaciones de salarios son el Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 282 y la Sec. 30(a) de la Ley de Salario Mínimo de 1956, 29 L.P.R.A. sec. 246b. Véase *Salgado* v. *Tribunal Superior*, supra, pág. 371. Al referirnos a ambos preceptos de ley, dijimos que la imposición de la compensación adicional o penalidad civil en casos de reclamaciones de salario sólo pro-

cede (1) cuando el patrono satisfaga una compensación menor que la fijada para horas regulares y horas extras de trabajo; y (2) cuando se le pague al empleado una compensación menor a la prescrita en la Ley de Salario Mínimo, en un decreto mandatorio, en un convenio colectivo o en un contrato individual de trabajo. Las penalidades no se presumen y su imposición se justifica solamente cuando la ley expresamente lo dispone. *Colón Molinary* v. *A.A.A.*, 103 D.P.R. 143 (1974).

■ Como puede verse, si bien hemos sostenido que la penalidad procede cuando se paga al empleado una compensación menor a la prescrita en un decreto mandatorio, ello no quiere decir que cualquier violación a las disposiciones de un decreto mandatorio conlleva *ipso facto* la imposición de penalidad. Para que ésta proceda es necesario que la deficiencia dejada de pagar se refiera a horas regulares y horas extras de trabajo, o a compensación por debajo de lo que fija la ley, el decreto, el convenio o el contrato individual de trabajo. Examinemos el decreto aquí aplicable.

■ Establece éste específicamente que cuando el patrono no conceda vacaciones a un empleado *luego de éste haberlas acumulado por dos años*, deberá pagarle dos veces el sueldo correspondiente por el período en exceso de dichos dos años. Contrario a lo que sostiene la querellada, el período de vacaciones es acumulativo, aun si se trabajan y a pesar de que se reciba pago por ellas. La intención que permea el Decreto es la de que el trabajador debe disfrutar real y efectivamente de sus vacaciones; y que de no hacerlo, venga el patrono obligado al pago de la penalidad solamente después de transcurridos dos años de acumulación no obstante habérsele compensado por dicho período de vacaciones trabajadas, pero no realmente disfrutadas.

■ Comoquiera que el decreto no impone obligación alguna al pago doble por las vacaciones trabajadas durante los

primeros dos años, (¹) aun en los casos en que no se hubiere obtenido la autorización del Secretario de Trabajo para la realización de labores en tiempo que debe destinarse a vacaciones, concluimos que el patrono no viene obligado al pago de penalidad alguna por tal concepto durante el transcurso de los primeros dos años. El derecho a doble paga aplica expresamente a vacaciones acumuladas en exceso de dos años. Por ello se eliminaron las cantidades que por tal concepto aparecen en las columnas dos y tres del Apéndice I.

Debe sostenerse, sin embargo, la penalidad impuesta por el tribunal recurrido por concepto de las vacaciones acumuladas por más de dos años que aparece desglosada en la columna 4 de la tabla a que nos hemos referido antes.

Igualmente mantenemos las sumas consignadas en la columna 5 que representan la diferencia entre las sumas que debieron ser pagadas en concepto de vacaciones no disfrutadas a tiempo sencillo y las que realmente fueron pagadas.

Procede añadir a las sumas que hemos determinado adeuda la querellada a los querellantes una suma igual en concepto de penalidad según quedó establecido en *Salgado* v. *Tribunal Superior*, supra. Aunque el juez de instancia pareció entender que procedía dicha penalidad, no aparece la misma añadida. Debemos suplir esa omisión.

En vista de lo anterior la querellada debe a los querellantes las sumas que se señalan en la tabla que hacemos formar parte de esta opinión como Apéndice II, ascendentes a $10,888.84 más una suma igual por concepto de penalidad.

Por último, la querellada impugna por excesiva la cantidad de $15,000.00 concedida en concepto de honorarios de abogado. La complejidad del pleito y su larga trayectoria en la que participaron dos abogados exige que los honorarios se re-

_____

(¹) Corresponde a la Junta de Salario Mínimo y no a este Tribunal el establecer cuál será la consecuencia de no obtener el permiso del Secretario de Trabajo.

674

tribuyan debidamente. Estimamos que Diez Mil Dólares ($10,000.00) constituyen honorarios razonables.

*La sentencia dictada por el Tribunal Superior, Sala de San Juan, será modificada según los términos de esta opinión y así modificada se confirmará la misma.*\*

El Juez Asociado Señor Rigau no intervino.

---

\* NOTA DEL COMPILADOR: Con fecha 30 de mayo de 1975, el Tribunal Supremo dictó una Sentencia Enmendada, la cual dice:

"Se enmienda *nunc pro tunc* nuestra sentencia de 14 de abril de 1975 en el caso de epígrafe a los únicos fines de añadir lo siguiente:

'La parte recurrente vendrá obligada al pago de los intereses legales sobre la totalidad de la sentencia, que incluye la suma concedida a la parte para honorarios de abogados, a partir de la fecha de esta sentencia.'

Así lo pronunció y manda el Tribunal y certifica el Secretario.

(Fdo.) Angel G. Hermida

*Secretario*"