JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, peticionaria, *v.* VENTANAS YAGÜEZ, INC., demandada.

*Números:* O-75-164          *Resueltos:* 30 de mayo de 1975
O-75-165

*Richard V. Pereira, Federico Díaz Ortiz* y *Edwin Ortiz Pietri,* abogados de la peticionaria.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

¿Es aplicable a la compensación dejada de pagar por vacaciones no trabajadas la penalidad equivalente a una suma

igual por concepto de daños y perjuicios dispuesta por las leyes del trabajo?

Ya hemos resuelto que las penalidades no se presumen y que su imposición se justifica solamente cuando la ley expresamente lo dispone. *Colón Molinary* v. *A.A.A.*, 103 D.P.R. 143 (1974); *Rivera de Vincenti* v. *Colón,* 103 D.P.R. 560 (1975); *Torres* v. *Hull Dobbs Co. of P.R.*, 103 D.P.R. 662 (1975). Y, que las fuentes de penalidad civil en los casos de reclamaciones de salarios son el Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 282 y la sec. 30 (a) de la Ley de Salario Mínimo de 1956, 29 L.P.R.A. sec. 246b (a). *Salgado* v. *Tribunal Superior*, 92 D.P.R. 367 (1965); *Torres* v. *Hull Dobbs*, supra.

El Art. 13 de la citada Ley Núm. 379 dispone en lo aquí pertinente que:

"Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 [1] de este título para *horas regulares* y *horas extras de trabajo* o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogado del procedimiento." (Énfasis suplido.) 29 L.P.R.A. sec. 282.

Y, la Sec. 30 (a) de la Ley de Salario Mínimo, en lo que es aquí aplicable, dispone:

"Todo obrero o empleado que *por su trabajo* reciba compensación inferior a la prescrita en las secs. 245 a 246m de este título o en un decreto mandatorio, orden o reglamento de la Junta de Salario Mínimo o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de compensación adicional, además de las costas, gastos, intereses y honorarios de abogado del procedimiento, estos últimos en suma

---

[1] Arts. 2 al 19 de la Ley Núm. 379 de 15 de mayo de 1948.

razonable que nunca bajará de cincuenta (50) dólares, sin que para nada de ello obste pacto en contrario." (Énfasis suplido.) 29 L.P.R.A. sec. 246b.

■ Veamos el alcance de lo que se entiende por las "horas regulares y horas extras de trabajo" a que se refiere el Art. 13 de la Ley Núm. 379 para los patronos no excluidos de la ley. Las horas regulares son las ocho horas de jornada legal diaria, cuarenta y ocho de una semana de trabajo y doscientas ocho de un mes de trabajo. 29 L.P.R.A. sec. 272. Las horas extras son las *trabajadas* en exceso de ocho durante cualquier período de veinticuatro horas, las *trabajadas* en exceso de cuarenta y ocho a la semana, con ciertas limitaciones, las *trabajadas* en exceso de las señaladas por el Secretario del Trabajo en aviso público requerido por ley, las *trabajadas* en horas o días excluidos por la Ley de Cierre, las *trabajadas* durante el día de descanso, sujeto a ciertas exclusiones, las *trabajadas* en exceso del máximo fijado por la Junta de Salario Mínimo mediante decreto, y las *trabajadas* en exceso del máximo fijado en un convenio colectivo. Id. sec. 273. También contiene la ley disposiciones especiales para horas extras *trabajadas* en industrias cubiertas por la Ley Federal de Normas Razonables de Trabajo. Id. sec. 274.

■ Examinemos ahora las reclamaciones que pueden hacer los empleados bajo la Sec. 30 (a) de la Ley de Salario Mínimo. Como dijimos antes se contraen a los casos en que reciban *por su trabajo* compensación inferior a la prescrita en las Secs. 245 a 246m del Título 29 o en un decreto mandatorio, orden or reglamento de la Junta de Salario Mínimo, en un convenio colectivo o en un contrato individual de trabajo. La Sec. 245 se refiere a los tipos de salario mínimo que rigen en las varias industrias, negocios o actividades diversas. La Sec. 246 contiene disposiciones generales que no modifican ni alteran las disposiciones sobre compensación aparte de la Sec. 246b (a) que es objeto de nuestra interpretación y que se refiere exclusivamente al derecho a establecer reclamaciones por los conceptos ya explicados.

■ Es significativo que las disposiciones aludidas autorizan al trabajador a establecer reclamaciones por compensación inferior a la fijada por horas regulares y horas extras *de trabajo* (Art. 13 Ley Núm. 379) y por compensación inferior que reciban *por su trabajo* (Sec. 30 (a) de la Ley de Salario Mínimo). La intención de que la penalidad se aplique directamente a compensación por trabajo realizado es patente a la luz de la continua referencia a las horas *trabajadas* en las Secs. 272, 273 y 274 del Título 29. No tenemos duda de que el legislador, al imponer la penalidad, se preocupó por las horas de actividad, faena, laboriosidad, esfuerzo, sudor y dedicación y no por las horas de descanso, ocio, diversión o pasividad que fueren concedidas en consideración al trabajo realizado.

Se trata en estos casos (²) de compensación dejada de pagar (1) por licencia por enfermedad durante el tiempo en que un trabajador estuvo siendo atendido por el Fondo del Seguro del Estado en el recurso O-75-164 y (2) por licencia por enfermedad durante el tiempo que un trabajador estuvo suspendido temporeramente por falta de trabajo en el recurso O-75-165. En ambos casos el trabajador reclama compensación por un período de tiempo en que no estaba realmente trabajando.

La controversia ante el árbitro seleccionado por la Unión y el Patrono se circunscribió a determinar sobre el derecho del trabajador a recibir compensación durante el tiempo que estuvo fuera del trabajo en las circunstancias señaladas. La determinación en ambos casos favoreció al trabajador y el patrono pagó la compensación debida, pero se negó a pagar una suma igual por concepto de penalidad. La Junta de Relaciones del Trabajo de Puerto Rico recurrió ante nos para que pongamos en vigor el laudo y ordenemos el pago de la referida penalidad más los intereses legales correspondientes,

---

(²) Los recursos de epígrafe fueron consolidados para su resolución por comprender controversias similares.

amparándose en las disposiciones del Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 282.

La Junta aduce que las vacaciones o licencias por enfermedad son "salarios", "jornales" o "salarios adicionales" y por ende que su pago forma parte de los sueldos o salarios devengados por un trabajador. Para sostener su contención nos cita los casos de *Ready Mix Concrete* v. *Comisión Industrial,* 92 D.P.R. 37 (1965) y *Hilton Hotels* v. *Junta Salario Mínimo,* 74 D.P.R. 670 (1953). En *Ready Mix Concrete* interpretamos la frase "salarios adicionales" a los únicos fines de determinar la base de imposición de primas dentro de la Ley de Compensaciones por Accidentes del Trabajo; y en *Hilton Hotels* reconocimos que como parte del sistema total de salario mínimo la Junta tenía facultad para conceder vacaciones con paga como salario adicional. En ninguno de los dos casos insinuamos que la paga por vacaciones constituirá paga por trabajo realizado. Reconocemos la afinidad entre tales pagos y el trabajo realizado ya que no habría derecho a vacaciones si no se realiza trabajo. Sin embargo, el vínculo entre uno y otro concepto no altera el principio esencial de que sólo el trabajo realizado mediante el esfuerzo físico o intelectual es compensable con la indemnización o penalidad adicional. Esta norma no queda afectada por la amplitud retórica que pueda atribuirse al vocablo "salarios".

Por el razonamiento expresado precedentemente *procede dejar sin efecto aquella parte de la resolución dictada por la Junta de Relaciones del Trabajo que requiere el pago de una suma igual a la pagada en los casos O-75-164 y O-75-165 por períodos de tiempo en que el trabajador no rindió trabajo por estar uno bajo tratamiento del Fondo del Seguro del Estado y el otro por estar gozando de licencia por enfermedad.* Cf. *Torres* v. *Hull Dobbs,* supra.

El Juez Presidente, Señor Trías Monge, disintió.